UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON A. MORRIS ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> CAROL MICI ) <br>     Respondent. ) | Civil Action No. 04-11026-RWZ |

### RESPONDENT'S MOTION TO DISMISS
### PETITION FOR WRIT OF HABEAS CORPUS

    The respondent, Carol Mici, hereby moves this Honorable Court to dismiss the Petition for Writ of Habeas Corpus filed by the petitioner Jason A. Morris. As grounds therefor, the respondent states that the petition is time barred pursuant to 28 U.S.C. § 2244(d)(1). The respondent relies on the accompanying memorandum of law in support of his motion to dismiss.

                                  Respectfully submitted,

                                  THOMAS F. REILLY
                                  Attorney General

                                  <u>/s Susanne G. Reardon</u>
                                  Susanne G. Reardon, BBO # 561669
                                  Assistant Attorney General
                                  Criminal Bureau
                                  One Ashburton Place
                                  Boston, Massachusetts 02108
                                  (617) 727-2200, ext. 2832

Date: June 8, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JASON A. MORRIS<br>　　　Petitioner,<br><br>v.<br><br>CAROL MICI<br>　　　Respondent. | Civil Action No. 04-11026-RWZ |

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF THE MOTION TO DISMISS

This memorandum is submitted in support of Carol Mici's (the respondent) Motion to Dismiss the habeas corpus petition filed by Jason A. Morris (the petitioner) on the ground that it is time-barred under 28 U.S.C. § 2244(d)(1). The respondent has not answered the petition and his remaining defenses are not briefed in light of this motion.[1]

### PRIOR PROCEEDINGS

On June 14, 1995, a Worcester County grand jury returned indictments against the petitioner for leaving the scene of an accident with property damage, unauthorized use of a motor vehicle, receiving a stolen motor vehicle, failure to stop for a police officer, wanton destruction of personal property, assault and battery on a police officer, operating a motor vehicle recklessly and two counts of being a disorderly person (see docket sheets attached). On March 11, 1996, a Worcester County jury found the petitioner guilty of all

---

[1] Since it is clear from the face of the petition and the attached docket sheets that it is time-barred, the respondent will not, in the interest of economy, answer the petition or address any additional affirmative defenses. Should this Court rule that the petition is not time-barred, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petitioner or file a supplemental memorandum which addresses the additional affirmative defenses and/or the merits of the petition.

charges (see docket sheets). Justice Travers sentenced the petitioner to nine to ten years imprisonment on the reckless operation of a motor vehicle indictment, a concurrent term of two and one half to five years imprisonment on the assault and battery of a police officer indictment, and a concurrent term of two years in the House of Correction on the leaving the scene of an accident indictment. The remaining indictments were placed on file with the petitioner's consent (see docket sheets).

On January 27, 1999, the Massachusetts Appeals Court affirmed the petitioner's convictions in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28. *Commonwealth v. Morris*, 46 Mass. App. Ct. 1110, 707 N.E.2d 407 (1999). The petitioner's application for further appellate review was denied by the Supreme Judicial Court on March 26, 1999. 429 Mass. 1103, 709 N.E.2d 1120 (1999). On March 2, 2001, the petitioner filed a motion for new trial (see docket sheets). Judge Hillman denied this motion on June 4, 2001 (see docket sheets). The Appeals Court affirmed the denial of the motion in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28 on August 22, 2003. *Commonwealth v. Morris*, 59 Mass. App. Ct. 1101, 793 N.E.2d 1286 (2003). The Supreme Judicial Court denied the petitioner's application for further appellate review on October 29, 2003. 440 Mass. 1105, 798 N.E.2d 286 (2003).

On May 20, 2004, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the respondent hereby files this memorandum of law in support of the motion to dismiss.

## ***ARGUMENT***

I. **THE HABEAS CORPUS PETITION MUST BE DISMISSED WHERE IT IS BARRED BY THE STATUTE OF LIMITATIONS.**

Pursuant to 28 U.S.C. § 2244(d), as amended by the AEDPA:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petition in this case was filed on May 20, 2004. The Massachusetts Supreme Judicial Court denied the petitioner's application for further appellate review after his direct

appeal on March 26, 1999. Allowing ninety days for the time to file a petition for writ of certiorari in the United States Supreme Court, the petitioner's conviction became final on June 26, 1999. *See* 28 U.S.C. §2244(d)(1)(A). The petitioner therefore had one year from that date, or until June 26, 2000 to file his federal habeas petition or a post-conviction motion that would toll the statute of limitations period. The petitioner did file a post-conviction motion, but not until March 2, 2001, long after the one year grace period had expired. Therefore, his petition for habeas corpus, filed on May 20, 2004, filed almost five years after his conviction became final, is time-barred under the statute of limitations for habeas petitions set forth in 28 U.S.C. §2244(d), and must be dismissed.

## *CONCLUSION*

For the foregoing reasons, the petition for habeas corpus relief should be dismissed with prejudice.

Respectfully submitted,
THOMAS F. REILLY
Attorney General

/s Susanne G. Reardon
Susanne G. Reardon, BBO # 561669
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2832

Date: June 8, 2004

## **CERTIFICATE OF SERVICE**

I hereby certify that true copies of the above documents were served on

Jason A. Morris, pro se
MCI Shirley Medium P.O. Box 1218
Shirley, MA 01464

by first class mail, postage prepaid, on June 8, 2004.

/s Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General