UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. #2004-11026-RWZ,

Mr. Jason A. Morris
Petitioner

-Vs-

Ms. Carol Mici
Respondent

PETITIONER'S MOTION FOR OPPOSITION TO THE RESPONDENT'S
MOTION TO DISMISS ON THE GROUND THAT THE PETITION IS
TIME-BARRED UNDER, 28 U.S.C. §2244

Since the Assistant Attorney General, Ms. Susanne G. Reardon did not submit a record of fact[s] the Petitioner will therefore submit the following fact[s] accordingly;

On May 2, 1995, Officer Robert Lyons received a Radio Transmission from dispatch advising all Officer[s] on Duty to be alert for a Stolen Motor Vehicle, Black Jeep plate 950 XLB, this officer was on Main South in Worcester, Massachusetts.

Officer Lyons attempted to stop the operator the suspect took off and high rate of speed. Exhibit One, 41-43. After a long chase two suspects bailed out of this moving Jeep allegedly, Officer Lyons seen this and followed the driver which this Officer admits to losing sight of the driver numerous times. Exhibit, 14-15, allegedly on top on embankment this Officer places the suspect under arrest. The suspects name was Jason A. Morris and he was charged with the crime of Unathorized Use of a Motor Vehicle, M.G.L.s c. 90 §24(2)(a).

This was in the original complaint Exhibit One, 41. When this Petitioner was indicted an extra charge of Receiving A Stolen Motor Vehicle was added, M.G.L.s c. 266 §28 this was added for the only purpose of obtaining more time, Exhibit, 57.

### THIS CASE HAD ONE TRIAL COUNSEL ON THE RECORD

1.) <u>Attorney, Daniel E. Shanahan of Worcester, Massachusetts</u>

On March 11, 1996, A Jury found Mr. Morris guilty on all counts Exhibit, 57. Approximately, on the 14Th Day of March of 1996 this Attorney withdrew from an unrelated case, Commonwealth -Vs- Morris, Worcester Superior Court #1995-00695 1/45 three days after a Jury found this Petitioner guilty under Commonwealth -Vs- Morriss, Worcester Superior Court #1995-00371 1/9.

Attorney Shanahan's reason was THE DEFENDANT'S CONDUCT RENDERS IT UNREASONABLY DIFFICULT FOR THE UNDERSIGNED TO CARRY OUT HIS EMPLOYMENT EFFECTIVELY allowed on March 22, 1996 [Donohue, J]

### THIS CASE HAD THREE APPELLATE COUNSEL'S ON RECORD

1.) Attorney, Larissa Kiers of Lowell, Massachusetts
2.) Attorney, Leslie W. O'Brien of Winchester, Massachusetts
3.) Attorney, John M. Dombrowski of Leominster, Massachusetts

Attorney Kiers was appointed on May 14, 1996, to do this Petitioners Direct Appeal which was DENIED on 1/27/1999, [Panel, Brown, Perretta, Laurence, JJ] (46 Mass App Ct 1110). The Petitioner then filed for Further Appellate Review this was DENIED as well on 3/26/1999.

On 1/23/2001, Attorney Dombrowski was appointed for the Appellate Division which was also DENIED on 7/24/2002, STATING, "THE SENTENCE SHALL STAND"

On 9/7/2001, Appearance of Attorney, Leslie W. O'Brien, Oral argument[s] were HELD on 11/06/2002, The Appeal was DENIED on 8/22/2003, [Panel, Brown, Berry, Cohen, JJ] (59 Mass App Ct 1101) and Further Appellate Review was DENIED as well on 10/29/2003.

On 1/13/2004, This Petitioner filed by the way of a Pro-Se Motion and/or Petition under the M.G.L.s c. 211 §3, #SJ, 2004-0016, MORRIS -Vs- Commonwealth. This Petition was also DENIED by Judith A. Cowin on March 22, 2004.. Exhibit One, Exhibit, 74-75.

On March 25, 2004, Plaintiff-Petitioner files a Motion for the Motion Judge to give additional findings and rulings, to this present Day that Motion is still pending. Exhibit 76-81.

### THE PENDING MOTION TO DISMISS FROM RESPONDENT

The Respondent, Carol Mici claims the Petitioner's Motion under 28 U.S.C. §2254, should be time-barred pursuant to 28 U.S.C. §2244 (d)(1), EFFECTIVE DATED APRIL 24, 1996.

The Respondent, Ms Carol Mici claims this Petition must be in essence, DISMISSED because the Petitioner never filed his Petition within one year, 28 U.S.C. §2244(d)(1).

Which isn't in dispute, Lattimore -Vs- DuBois, 311 F.3d 46 at 53 (1St Cir 2002) however, what is in dispute would be an issue that involves the Statutory Construction of the original case language that has been misappropriated and more importantly, mislead numerous Defendant's and Appellant's for 30 Years.

Both Statutes under M.G.L.s c. 266 §28(A) and M.G.L.s c. 90 §24(2)a Count One, Receiving A Stolen Motor Vehicle and Count Two, Unathorized Use of a Motor Vehicle.

The question is can [a]ny Defendant be convicted of both offense[s] ? Sure its Hornbook Law that a thief cannot himself or herself be charged with committing two offense[s] which arose from the same property, Milanovich -Vs- U.S. 356 U.S. 551, 558 (1961) Also see, Rivera -Vs- Ohio, 459 U.S. 957, 958 (U.S. Ohio 1982).

Exhibit One, Exhibit 19, The Constitutional Law is very clear on this subject [a]ny theft offense, as long as it is recognized in the State where you are from in the case at bar, The Petitioner is from Massachusetts and [t]hey clearly recognize UNAUTHORIZED USE OF A MOTOR VEHICLE M.G.L.s c. 90 §24(2)(a). Exhibit One, Exhibit, 22.

Although in that case, Mr. Rivera lost the fight being that the opinion was a dissenting in part it still recognized what would constitute an ALLIED OFFENSE. in essence, each State is different in their language the Federal Court will not interfere in state statute[s] and case language unless its "Contrary To" or involved an unreasonable application of clearly established [SUPREME COURT PRECEDENT], William -Vs- Taylor, 529 U.S. 362, 404-405, (2000)... Quoting From, Correia -Vs- Hall, 364 F.3d 385, 387-388, (1St Cir 2004).

A State Court Decision contravenes the "Unreasonable Application" Criterion when, though it correctly identifies the petinent UNITED STATES SUPREME COURT RULE, Its application to the Particular fact[s] of the case at bar is OBJECTIVELY UNREASONABLE, Exhibit One, Exhibit, 19-23, Where Mr. Correia failed this Petitioner's Petition under Mass Gen Laws, c. 211 §3, was more than sufficient and comprehensible.

This Petitioner was very successful at identifying the problem and than establishing the fact[s] which were misapplied or in legal term[s] "OBJECTIVELY UNREASONABLE" Exhibit One, Exhibit, 17-18. Also see Exhibit 2, and Exhibit 5, of Exhibit One.

Clearly this petitioner is under the impression the very concept of his argument would fit this rare criteria which is needed to be heard under M.G.L.s c. 211 §3.

The Only question that needs to be answered is in some rare circumstances the One Year Tolling under 28 U.S.C. §2244, can be excused under most rare exception[s]. Moreover, This is not a case where the Petitioner misread a Statute or a Case Law, this is a case where the Case Law misreads the actually statute which in turn, interfere[s] with Supreme Court Precedent and misleads the common man and/or woman. Exhibit One, Exhibit 32-33, Exhibit Two, Exhibit, 84.

Moreover, in that respect this Petitioner turns to the clear ERRONEOUS AND/OR UNREASONABLE APPLICATION to the Original argument First Appellate Counsel's failure to Appeal this issue submitted by the post-conviction Counsel, Leslie W. O'Brien;

<u>Commonwealth -Vs- Morriss, Massachusetts Appeals' Court #2001-P-0791</u>

This Honorable Court should keep in mind that the Appeal's Court never reached an opinion on this particular argument [t]hey simply ignored this part of the Brief the Appeals' Court in Massachusetts gave this issue to the Pro-Se Argument filed in a different brief see exhibit one, Exhibit, 8-9. in no respect did this opinion gave [a]ny play to the argument at hand.

The right to Effective Assistance Of Counsel is not only confined to Trial but, also extend[s] to the FIRST APPEAL AS WELL" This would be a Constitutional Right to Effective Counsel;

THE SIXTH AND FOURTEENTH AMENDMENT RIGHT
TO THE UNITED STATES CONSTITUTION

EVITTS -Vs- LUCEY, 469 U.S. 387, 396 (1985)

Subsequently, The United States Supreme Court applies this clear standard for claim[s] of ineffective assistance of counsel on Appeal from Judgment and/or Conviction;

SMITH -Vs- MURRARY, 477 U.S. 527, 535-536 (1986)
IN ORDER TO PREVAIL ON CLAIM[S] OF INEFFECTIVE ASSISTANCE OF COUNSEL THE DEFENDANT MUST SHOW APPELLATE COUNSEL'S PERFORMANCE WAS DEFICIENT AND PREJUDICIAL TO HIS ONLY GROUND OF DEFENSE
STRICKLAND -Vs- WASHINGTON, 466 U.S. 668 (1984)

To overcome this presumption, the Defendant-Petitioner-Appellant, must present evidence that the Appellate Counsel's failure to raise such an obvious claim was not an excuse of (SOUND APPELLATE STRATEGY)..

Boneau -Vs- United States, 961 F.2d 17 (1St Cir 1992)

These particular claim[s] JUST LEAPED RIGHT OF THE RECORD which would deprive this Petitioner meaningful access to [a]ll these claims of error this creating a substantial risk of miscarriage of justice;

CALDERON -Vs- THOMPSON, 523 U.S. 538, 555 (1998)

Also See, United States -Vs- Barrett, 178 F.2d 34 (1St Cir 1999)

From the very start, Judge Timothy S. Hillman made it clear this Petitioner did not show that the tactical or strategic Judgment[s] of his first Appellate Counsel was MANIFESTLY UNREASONABLE this caused the loss of a substantial claim.

This of an otherwise available, substantial ground of Defense, Commonwealth -Vs- Rondeau, 378 Mass 408, 413 (1979) Exhibit One, Exhibit 1-2, in the contrary, This Petitioner had a constitutional right to effective assistance Counsel on his direct Appeal;

COMMONWEALTH -Vs- CARDENUTO, 406 Mass 450, 453-454 (Mass 1990)

In this Petitioner's opinion for the Judge to state in his own Memorandum and Order that Mr. Morris does not offer any fact[s] which might support a claim for post-conviction relief Exhibit one, Exhibit 2, ¶3 is an abuse of Judicial Power simply for not appointing Counsel to make an attempt to see if these claim[s] had any merit, See;

Lattimore -Vs- Dubois, 152 F. Supp 2d 67, 81 (D. Mass 2001)

Assuming these claim[s] had no foundation to build merit on where does it actually show NO MERIT EXISTED ? Exhibit One, Exhibit, 1-2. Exhibit, 5-9, Exhibit, 74-75...

On the otherhand, this Petitioner has made every attempt to at the very least elaborate all his claim[s] in the Petition under M.G.L.s c. 211 §3, Exhibit One, Exhibit, 32-35.

The Petitioner's argument regarding the intent to deprive the owner of his or her property was completely ignored [a]ll though the State Proceedings, Exhibit one, Exhibit, 25 this required by the Receiving A Stolen Motor Vehicle Statute, G.L.s c. 266 §28(a). Exhibit, 61, The Court Of Appeals' in Massachusetts relied on this alleged abandonment during the pursuit exhibit, 7. The Petitioner had an excuse or another possible theory to the actual event[s].

Again, The Massachusetts Court Of Appeals' disregarded such cross-defense and makes no attempt to address the Petitioner's argument in this claim Mr. Morris has satisfied his [B]urden for relief, Correia -Vs- Hall, 364 F.3d 385, 391 (1St Cir 2004).

As this argument continue[s] on in the back of this Court's mind the question that comes to light. This Petitioner has not actually shown any Miscarriage of Justice, and/or Prejudicial Effect, where is the violation to this Petitioner's substantial right[s] ?

The Petitioner received two different sentence[s] Exhibit One, Exhibit, 58. Offense #6, #7 On Offense six Unauthorized Use Of A Motor Vehicle a 21/2-5 Year Cedar Junction sentence was handed down. On offense seven, Receiving A Stolen Motor Vehicle a 9-10 Year Cedar Junction sentence was handed down.

If this Honorable Court would draw its complete attention to Exhibit One, Exhibit 2 ¶2 The Trial Court acknowledge[s] this fact THE DEFENDANT WAS CONVICTED OF TWO SEPARATED CRIMINAL CHARGES. However, the Trial Court says it was lawful, Now if this Honorable Court would see Exhibit Two, Exhibit, 84. Where it cites [LESSER INCLUDED OFFENSES]

In Lewis, 41 Mass App Ct 910, (1996), It illustrate[s] the language of UNAUTHORIZED USE OF A STOLEN MOTOR VEHICLE and RECEIVING A STOLEN MOTOR VEHICLE than cites from Guerro, 357 Mass 741 (1970) In this case Mr Guerro was charged with two [2] different offense[s] in violation of a single statute, Exhibit One, Exhibit, 21. This isn't in dispute however, what is in dispute does this particular language apply to Lewis or for that matter this case ? Lewis and the Petitioner's case are in violation of two separate statute[s].

Its simple, This Petitioner's charge[s] are similar in fact, they are exactly the same as Lewis which the Court of Appeals' for Massachusetts articulated more importantly, the same Appeal's Court acknowledged this theory in Oral Argument[s], Exhibit One, Exhibit, 80.

Instead of applying this alleged correct language the answer was misappropriated by applying a case which had no standing in the Petitioner's argument, Exhibit One, Exhibit, 5. This language had no place in this argument it was placed here so this Petitioner couldn't challenge this language, Yes with intent to harm this Defendant's only course of Appeal in violation of this Petitioner's DUE-PROCESS RIGHT[S], See FOURTEENTH AMENDMENT OF UNITED STATES.

The Post Conviction-Appellate Attorney argued the importance of such Jury Instruction[s] in case[s] where two [2] different sentences were giving out to charges that are inconsistant as a matter of Constitutional Law. Exhibit One, Exhibit 23-24.

In the very end, The only conclusion would be to this argument does it satisfy the Heavy Burden in 28 U.S.C. §2244, This Honorable Court realy should consider that the State Statute use[s] Federal Standing to support conviction[s] that are inconsistant as a matter of constitutional Law.

<u>GUERRO -Vs- FIZPATRICK, 436 F.2d 378 (C.A. 1 1971)</u>

The First Circuit Court Of Appeal was very clear to state it was in violation of a single statute and not two [2] different and separate statute[s].

In the case at bar, its in violation of two different statutes unlike Guerro. Moreover, its not even known if this Petitioner is correct because this issue has never been discussed. In retrospect, DUE-DILIGENCE HAS BEEN SATISFIED HEREWITH.

This issue evolved only because month[s], year[s] worth of research was invested into this analysis nevertheless, the State of Massachusetts recognized this argument as baseless and without merit, applying erroneous language in **PORTER** to hide the truth about **LEWIS** Exhibit One, Exhibit, 5. Exhibit, 17-18.

Its quite evident that both State Court[s] knew this Petitioner would be dealing with the tolling issue, this would box out the issue in its entirety the Court at bar must not allow these State Court[s] to continue this conduct, Exhibit One, Exhibit, 68-69.

The Massachusetts Court Of Appeals' applied **PORTER** with the intent that this Petitioner would never go nowhere with this argument, and besides it appears **PORTER** is self-contradicting Exhibit One, Exhibit 19-22, and never addressed the constitutional standing of this issue and/or argument Exhibit, 19.

This issue regarding **PORTER** is one of great importance, Simply because the intent to harm this Petitioner has clearly been set forth and/or established herein. Not to consider this issue at this level would be ludicrous which would violate one[s] DUE-PROCESS RIGHT to challenge [a]ny erroneous case law which would affect the reading of two different statute[s] simply because the case language has spoken and the common world would assume one could never challenge it.

The Assistant Attorney General, Ms. Susanne G. Reardon puts forth in footnote one, of the Respondent's Memorandum Of Law In Support Of The Motion To Dismiss, "SINCE IT IS CLEAR FROM THE FACE OF THE PETITION AND THE ATTACHED DOCKET SHEETS THAT IT IS TIME-BARRED, THE RESPONDENT WILL NOT, IN THE INTEREST OF ECONOMY, ANSWER THE PETITION OR ADDRESS ANY ADDITIONAL AFFIRMATIVE DEFENSE[S].

In essence, this excuse to completely ignore the claim at hand is pathetic especially since the Petitioner went to Trial and has claimed from Day one that he was innocent, Now almost ten years later the Court really never allowed this Petitioner to proceed on the merit[s] of his innocence claim.

Moreover, the Petitioner does not even know if his analysis is even correct, The Massachusetts Court Of Appeals' and Massachusetts Supreme Judicial Court will not even address this claim as this Petitioner argue[s] in each one of his brief[s] and Motion[s], Now this alone violates [a]ny Defendant's DUE-PROCESS RIGHT for Appeal purposes basically, [t]hey blocked this Petitioner's access.

In respect to that, this particular case raise[s] an issue of Constitutional Magnitude which is meritorious, and obviously will substantially effect other Petitioner[s] [and future Defendant[s];

  Castillo -Vs- Matesanz, 348 F.3d 1, 12 (1St Cir 2003)

Mr. Castillo failed to raise his issue in District Court when the Court Of Appeals" applied its discretion and in the end result Mr. Castillo didn't fit into that rare exception whereas, in the case at bar Mr. Morris has satisfied this rare burden and/or exception. Exhibit One, Exhibit 20-21.

The Supreme Judicial Court of Massachusetts has recognized this argument and/or language as correct in numerous case rulings that the Charge, UNATHORIZED USE involves a TAKING AND CARRYING AWAY, this can be seen in Exhibit One, Exhibit, 20 and Exhibit, 22.

The Written opinion by the Supreme Judicial Court in Exhibit One, Exhibit, 74 is a huge insult to [a]ny Defendant's DUE-PROCESS RIGHT TO APPEAL, Judge Judith A. Cowin writes THE DEFENDANT HAS HAD AN ADEQUATE AND EFFECTIVE REMEDY THROUGH THE NORMAL APPELLATE PROCESS AND HAD FULLY UTILIZED THAT PROCESS, THE DEFENDANT SEEKS NOW TO INVOKE OUR EXTRAORDINARY POWERS MERELY BECAUSE OF DISSATISFACTION WITH THE RESULT OBTAINED.

This Honorable Court must keep in mind, This particular Petitioner is challenging [2] Two Different Statute[s] and as for the Court Of Appeals' in Massachusetts its very clear [t]hey are quite aware when addressing [a]ny criminal Statute its alway[s] in the Defendant's favor and to be construed narrowly, and strictly agains't the State Of Massachusetts or [COMMONWEALTH OF MASSACHUSETTS], See;

Commonwealth -Vs- Carter, 61 Mass App Ct 205, 4 (Mass App Ct 2004)

In Brown -Vs- Ohio, 97 S.Ct 2221, (1977) and in Rivera -Vs- Ohio, 459 U.S. 957, 958 (1982) That Unathorized Use Of A Motor Vehicle is considered a THEFT OFFENSE. In the Case at bar this argument is in direct conflict with SUPREME COURT RULING[S]. To rectify this issue a EVIDENTIARY HEARING MUST BE REQUIRED pursuant to the Rules that govern 28 U.S.C. §2255, or Rule [8]. This must be held to determine the severity of such error and the impact of error, in the interest of fundamental fairness to [a]ny Pro-Se Defendant-Petitioner-Appellate Counsel must be appointed hereto.

Particularly the one who originally argued this claim, Exhibit One, Exhibit, 72 n1. This Court in Lattimore -Vs- DuBois, At 81] Very eloquently concluded, where a potential or colorable claim has merit or in essence, would show potential merit, Counsel must be appointed to help articulate those claim[s] properly. This Petition has presented an issue that will affect future Defendant[s] who are or could be ignorant to the language which has been illustrated in **LEWIS** and **MORRIS** this would ensure future oversight[s] as well as being caught in this web of Constitutional misappropriation.

This Honorable Court must not be swayed into 28 U.S.C. §2244, it is clear NO Defendant could of possibly known of this error due to the web of misappropriation dating back to 1970. The Petitioner asks this Honorable Court to respectfully protect his Constitutional Right for Effective Assistance Of Counsel On His Direct Appeal and the right to Appeal which violate[s] some of the most obvious and basic Constitutional Principle[s] of course a fair hearing would ensure that the Petitioner's Constitutional Right[s] are protected.

For the obvious reason[s] set forth throughout this Petition and every Motion, Memorandum Of Law, Brief[s] submitted in behalf of Mr. Morris. This Petitioner must be afforded the same protection as anyone who is innocent. In conclusion this Court should either release him or hold an Evidentiary Hearing.

Dated: June 18, 2004,

Respectfully Submitted,

CC: Filed.
Susanne G. Reardon

Mr. Jason A. Morris Pro-Se
M.C.I. Shirley Medium W#60247
Shirley, Ma 01464-1218

[13 Of 13]