UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11026-RWZ

JASON A. MORRIS

v.

CAROL MICI

ORDER

January 27, 2005

ZOBEL, D.J.,

On March 11, 1996, in the Superior Court of Massachusetts, a jury convicted petitioner, Jason A. Morris, on a number of charges arising out of the use of a stolen car, certain events preceding and following an accident, and the accident itself. He now seeks a writ of habeas corpus. Respondent moves to dismiss on the grounds that the petition is late.

The record reflects that the Massachusetts Appeals Court affirmed the convictions in an unpublished opinion on January 27, 1999, Commonwealth v. Morris, 707 N.E. 2d 407 (Mass. App. Ct. 1999), and that petitioner's application for further appellate review was denied by the Supreme Judicial Court on March 26, 1999. 709 N.E. 2d 1120 (Mass. 1999). Petitioner filed a motion for a new trial almost two years later, on March 2, 2001. It was denied; the Appeals Court affirmed, and the Supreme Judicial Court denied further appellate review, all of which was accomplished by June 26, 2003. This petition was filed on May 20, 2004.

The applicable statute, 28 U.S.C. § 2244(d)(1)(A), prescribes a one-year period of limitations commencing, insofar as relevant to this case, on "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" Here, the judgment became final on March 26, 1999, more than five years before the instant petition was filed. Furthermore, the statute's tolling provision, 28 U.S.C. § 2244(d)(2), applicable for periods during which petitioner is seeking post-conviction review, does not save the petition because his motion for a new trial was not filed until June 2001, well past the limitations period.

Petitioner does not seriously contest the dates, but argues for relief on the merits, namely, that he was convicted under two statutes for the same offense and thus subjected to double jeopardy. However, because the petition is untimely, this Court does not have authority to decide the double jeopardy issue.[1]

Accordingly, the motion to dismiss is allowed. Given this ruling, the motions to appoint counsel (#7 on the docket), to amend the petition after counsel is appointed (#8), and for an evidentiary hearing (#9) are denied as moot.

Judgment may be entered dismissing the petition.

January 27, 2005
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[1] In any event, petitioner's position on the merits appears to be untenable. The Double Jeopardy Clause protects a defendant from "(1) a second prosecution for the same offense, following an acquittal; (2) a second prosecution for the same offense, following a conviction; and (3) multiple punishments for the same offense." United States v. Stoller, 78 F.3d 710, 714 (1st Cir. 1996). It does not protect a defendant from facing multiple criminal charges arising from a single incident.